IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOERG Eichelberger,

    **Plaintiff**,

v.               //         CIVIL ACTION NO. 1:04CV45
                                    (Judge Keeley)

UNITED STATES,

    **Defendant**.

## ORDER AFFIRMING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On March 12, 2004, pro se petitioner Joerg Eichelberger ("Eichelberger") filed a prisoner civil rights complaint pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that he was negligently injured and received negligent medical treatment while in prison. (Doc. No. 1.) Eichelberger's complaint named Al Haynes, Warden at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"), as defendant to the action. However, pursuant to 28 U.S.C. § 2679(b)(1), the Court substituted the United States as the proper defendant on December 21, 2004. (Doc. No. 9.) Subsequently, on March 16, 2005, the United States filed a motion to dismiss or in the alternative, motion for summary judgment. (Doc. No. 14.) The Court then referred the case to United States Magistrate Judge John S. Kaull who, on January 4, 2006, issued a

-1-

Report and Recommendation ("R & R") recommending that the Court grant the United States' motion for summary judgment. (Doc. No. 26.) On January 18, 2006, Eichelberger filed objections to the R&R. (Doc. No. 28.) Accordingly, the case is ripe for review and for the reasons that follow, the Court **AFFIRMS** the Magistrate Judge's recommendations, and **GRANTS** the United States' motion for summary judgment.

## I. Factual Background

On January 7, 2003, Eichelberger suffered an injury when he slipped and fell on an icy ramp outside the recreation center at FCI-Morgantown. After falling and striking his right leg against the edge of the concrete ramp, Eichelberger was assisted to FCI-Morgantown's medical unit where he was examined by a physician's assistant ("PA") a short time later. Believing Eichelberger's ankle was badly sprained but not broken, the PA gave Eichelberger crutches and pain medication. Before releasing him, however, the PA agreed to schedule Eichelberger for an x-ray. Three days later, Eichelberger returned to the medical unit where, upon taking an x-ray, it was discovered that he had a "non-displaced fracture of the leg." (Doc. No. 1 at 6.)

After having a long leg cast applied then later removed and a follow up x-ray taken, Eichelberger began regular physical therapy treatments for his injury. During one of those sessions sometime in May, 2003, approximately four (4) months after the

accident, Eichelberger was directed to sit on a therapy table with another inmate. That table then broke, allegedly sending Eichelberger to the floor.

## II. **Federal Torts Claims Act Claims**

In his complaint, Eichelberger seeks $250,000 in damages as relief for various negligence claims against agents of the United States. (Doc. No. 1.) Specifically, he alleges:

> One, that Warden Haynes of FCI-Morgantown was negligent for failing to install guard rails on the ramp outside the recreation center and for failing to properly maintain the ramp in icy conditions;
>
> Two, that medical staff at FCI-Morgantown were medically negligent for both misdiagnosing and improperly treating the leg injury sustained in his fall;
>
> Three, that medical staff at FCI-Morgantown were negligent for placing him on a therapy table unable to support the combined weight of he and another inmate and subsequently allowing him to fall and sustain further injuries; and
>
> Four, that in an unrelated incident, medical staff at FCI-Morgantown were medically negligent for failing to notify him that he had tested positive for tuberculosis ("TB") in October, 2002.

Id.

In opposition, the United States argues that dismissal or summary judgment is appropriate on each of Eichelberger's various claims because:

> One, Eichelberger failed to exhaust his administrative remedies regarding his claims that medical staff were negligent for placing him on the therapy table with another inmate and were medically negligent for failing to notify him that he had tested positive for TB;

> Two, that the Court lacks subject matter jurisdiction over Eichelberger's claims; and
>
> Three, that Eichelberger's negligence claim regarding maintenance of the ramp and his medical negligence claim fail to state claims upon which relief may be granted under the FTCA and West Virginia law.

(Doc. No. 14.)

Upon review, Magistrate Judge Kaull addressed the parties' respective arguments and, on January 4, 2006, issued his R&R recommending that the United States' motion be granted for the reasons that follow.

### III. **Magistrate Judge's Report and Recommendations**

#### a. **Exhaustion of Administrative Remedies**

In his R&R, Magistrate Judge Kaull recommends that Eichelberger's negligence claim regarding his fall from the therapy table and his medical negligence claim regarding the positive TB test should be dismissed for failure to exhaust administrative remedies. After outlining that the FTCA requires the disposition of a tort claim by a federal agency prior to the disposition of that claim in a district court, 28 U.S.C. § 2675(a), and that such claims must be filed in writing with the appropriate agency within two years of the time they accrue, 28 U.S.C. § 2401, the Magistrate Judge found that Eichelberger made no mention of these claims in the administrative claim form he filed on March 26, 2003. Thus, given FTCA requirements, Magistrate Judge Kaull recommends that not only should Eichelberger's claim regarding the therapy table and claim

regarding his positive tuberculosis test be dismissed for failure to exhaust, but that these claims be dismissed with prejudice because they accrued more than two years ago.

b. **Lack of Subject Matter Jurisdiction**

The Magistrate Judge did not address the United States' contention that the Court lacked subject matter jurisdiction over Eichelberger's claims because it provided no argument in support.

c. **Failure to State a Claim**

The Magistrate Judge further recommends that the remainder of Eichelberger's FTCA claims be dismissed for failure to state claims upon which relief can be granted pursuant to applicable tort law. Under the FTCA, the United States may be held liable in tort "in the same respect as a private person would be liable under the law of the place where the act occured." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because the alleged negligent acts occurred in West Virginia, Magistrate Judge Kaull evaluated Eichelberger's claims pursuant to the substantive law of West Virginia.

In West Virginia,

> [i]n every action for damages resulting from injuries to the plaintiff alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries received thereby, resulting proximately from the breach of that duty.

Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939).

With regard to federal prisoners, the Bureau of Prisons ("BOP") owes a duty to provide suitable quarters, and to provide for inmates' safekeeping, care, and subsistence. 28 U.S.C. § 4042(a). This duty, similar to the duty of a landowner to an invitee in West Virginia, has been interpreted as one of "reasonable care." See McNeal v. United States, 979 F. Supp. 431 (N.D. W. Va. 1997); Burdette v. Burdette, 127 S.E.2d 249 (W. Va. 1962).

Eichelberger brings two negligence claims relating to the condition of the ramp outside FCI-Morgantown's recreation center on the night he fell. In the first, he argues that the recreation center's handicap ramp should have had guardrails. In the second, he argues that the ramp was improperly maintained in icy conditions. Magistrate Judge Kaull disagreed.

In West Virginia, an owner of a premises is not liable for injuries sustained as a result of dangers that are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner." Burdette, 127 S.E.2d at 252 (citations omitted). Further, an invitee "assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." Id. Upon review, the Magistrate Judge found that Eichelberger frequented the recreation center, always exited via the handicap exit, and was aware that the ramp had no guard rails. Therefore, the

Magistrate Judge concludes, "the absence of guardrails was an obvious condition and well known to the plaintiff prior to his fall. Accordingly, plaintiff has failed to state a claim and summary judgment is appropriate." (Doc. No. 26 at 11.)

After the Magistrate Judge considered the duty FCI-Morgantown owed Eichelberger with respect to guardrails, he then examined the duty it owed Eichelberger with respect to the icy ramp. In <u>Phillips v. Superamerica Group, Inc.</u>, 852 F. Supp. 504, 505 (W. Va. 1994), the West Virginia Supreme Court of Appeals recognized <u>Walker v. Memorial Hospital</u>, 45 S.E.2d 898 (Va. 1948), a Virginia Supreme Court decision, as a leading case in the jurisprudence. Accordingly, the Magistrate Judge in this case looked to <u>Walker</u> when examining the duty of a landowner to remove snow and ice from its premises:

> [i]ts duty, generally stated, is only to use due and proper care to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence. The *mere slipperiness of a sidewalk*, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not ordinarily such a defect as will make the city [or other landowner] liable for damages occasioned thereby. When there is snow upon a sidewalk, and it is rendered slippery, there is danger of injury from slipping and falling . . . . At such

times there is imposed upon foot-travellers (sic) the
necessity of exercising increased care; and where the
city [or other landowner] uses reasonable diligence it
will not be liable.

(Doc. No. 26)(quoting <u>Walker v. Memorial Hospital</u>, 45 S.E.2d 898, 901-02)(emphasis in original).

Notwithstanding the necessary increased care required of a "foot-traveler" in icy conditions, the Magistrate Judge further considered a landowner's general exposure in all slip and fall cases when analyzing Eichelberger's claim. A landowner is only liable "if he allows some hidden, unnatural condition to exist which precipitates the fall." <u>McDonald v. University of W. Va. Board of Trustees</u>, 444 S.E.2d 57, 60 (W. Va. 1994) (citations and quotations omitted). Thus, in order to establish a prima facie negligence claim in a slip and fall case, "the invitee must show (1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it." <u>Id.</u> (Citations omitted).

After reviewing the record, the Magistrate Judge found no evidence that prison officials were aware of the icy condition of the ramp at the time Eichelberger fell. Moreover, because the ramp was in a well-lit area, the BOP in no way prevented Eichelberger from discovering the icy conditions which should

have been obvious to him. Accordingly, given the applicable West Virginia law, Magistrate Judge Kaull found that Eichelberger failed to make a prima facie showing that the FCI-Morgantown negligently maintained the ramp.

Finally, the Magistrate Judge found that Eichelberger failed to state a medical negligence claim for the improper treatment of his leg injury because he failed to assert any standard of care for the proper treatment of that injury. W. Va. Code § 55-7B-3. Moreover, Eichelberger did not appear to comply with the mandatory notice requirements for bringing an action against a health care provider in West Virginia. W. Va. Code § 55-7B-6. Thus, the Magistrate Judge concluded, Eichelberger failed to state a medical negligence claim upon which relief could be granted under West Virginia law.

Given Eichelberger's failure to state negligence claims upon which relief could be granted, the Magistrate Judge recommended that summary judgment be granted to the United States and that Eichelberger's claims be dismissed with prejudice.

On January 18, 2006, Eichelberger filed four objections to the Magistrate Judge's R & R: 1) that there are factual issues in dispute; 2) that the exhaustion of administrative remedies is in dispute; 3) that the United States should not be substituted as

the proper defendant[1]; and 4) that he disagrees with the Magistrate Judge's findings related to his medical negligence claim. (Doc. No. 28.) The district court judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); See also Fed. R. Civ. P. 72(b); E.g., Fluellen v. Epstein, 2003 U.S. Dist. LEXIS 23562 (D. S.C. 2003) aff'd 84 Fed. Appx. 299 (4th Cir. 2003). However, for ". . . those portions of the [Magistrate Judge's] Report to which plaintiff has not properly objected . . . " no review is required. Rouse v. Nielsen, 851 F. Supp. 717, 720 (D. S.C. 1994)(citing Fed. R. Civ. P. 72(b))(citation omitted).

## IV. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying the standard for summary judgment, the Court must review all evidence "in the light most favorable to the

---

[1] In his objections to the Magistrate Judge's Report and Recommendation, Eichelberger challenges the substitution of the United States as the defendant in this case. The Court finds that challenge to be **MOOT**, however, given its December 21, 2004 Order adopting the Magistrate Judge's previous recommendation that federal law required substitution of the United States as the proper defendant in this case. Thus, the Court does not address Eichelberger's current objection on this issue.

nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Anderson, 477 U.S. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587 (citation omitted).

## V. Analysis

### a. Exhaustion of Administrative Remedies

Though his objections to the R&R state that "a dispute arises as to Exhaustion of Administrative Remedies," Eichelberger provides no evidence to support this otherwise bald assertion. Given the dearth of argument, it is unclear what Eichelberger disputes. His administrative tort claim form mentions neither the negligence claim regarding his fall from a therapy table nor the medical negligence claim regarding FCI-Morgantown medical staff's failure to notify him of his positive TB test results. Furthermore, these potential claims are now time barred pursuant to 28 U.S.C. § 2401. Thus, the Court **AFFIRMS** the Magistrate Judge's recommendation and **DISMISSES** these claims **WITH PREJUDICE**.

### b. Failure to State a Claim

Despite Eichelberger's assertion that factual disputes exist, his remaining claims fail to give rise to genuine issues of material fact and fail to represent claims upon which relief can be granted under the FTCA and West Virginia law.

#### i. Negligent Maintenance Claim

Eichelberger objects to the Magistrate Judge's finding that "the undisputed facts show that prison officials were unaware that ice had formed on the ramp." To support his objection, Eichelberger provides an affidavit in which he states:

The night when I broke my leg. The maintenance crew

>was all over the compound cleaning up the ice on all
>the walkways and steps, except the handicap ramp of the
>recreation center. So for these reason (sic) Duty
>Officer Johnson, was aware of the ice on the handicap
>ramp, but failed to close the compound.

(Doc. No. 27.)

This statement attempts to contradict the FCI-Morgantown Wellness Coordinator, Duty Officer Johnson's, statement that prior to notification from Eichelberger he was unaware ice had formed on the ramp outside the recreation center. (Doc. No. 14, Ex. 4.) In a previous attempt to contradict Duty Officer Johnson, Eichelberger attached the same affidavit to his response to the United States' motion for summary judgment. In a footnote to his R&R, Magistrate Judge Kaull observed that Eichelberger's "statement is completely self-serving and without factual support. As this Court has already noted, when responding to a properly pled motion for summary judgment, mere denials, without factual support, are not sufficient to establish a genuine issue of material fact." (Doc. No. 26.) The Court agrees.

Even if the maintenance crew was cleaning ice in other areas of the compound, this neither establishes nor provides factual support for the claim that Duty Officer Johnson, or any other prison official, was aware of the icy conditions on the ramp prior to Eichelberger's fall. Eichelberger's objection fails to establish a genuine issue of material fact regarding his claim that the handicap ramp outside FCI-Morgantown's recreation center was negligently maintained. Thus, he cannot defeat the award of

summary judgment. Moreover, since Eichelberger did not object to Magistrate Judge Kaull's negligence analysis under West Virginia law, the Court adopts that analysis, **AFFIRMS** the Magistrate Judge's recommendation, and **DISMISSES** this claim **WITH PREJUDICE**.

### ii. Medical Negligence Claim for Improper Treatment

Magistrate Judge Kaull found that Eichelberger failed to state a medical negligence claim for improper treatment of his leg injury upon which relief can be granted because he failed to establish the appropriate standard of medical care as required by West Virginia law. Eichelberger's objections to the R&R likewise fail to establish any standard of care applicable to the treatment of the injuries complained of. Instead, Eichelberger objects to the Magistrate Judge recommending his claim be dismissed without addressing the circumstances of the alleged wrongful treatment. As such, Eichelberger contends FCI-Morgantown medical staff were negligent because they failed to conduct an x-ray on his injured leg prior to his unsolicited return to the medical center three days after his fall. These facts, however, are insufficient to give rise to a medical negligence claim under West Virginia law.

To establish a medical negligence claim in West Virginia, a plaintiff must prove:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care

-14-

>     provider belongs acting in the same or similar
>     circumstances; and (b) such failure was a proximate
>     cause of the injury.
>
> W. Va. Code § 55-7B-3.

Moreover, West Virginia law requires that "[w]hen a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required." (Doc. No. 26) (citing Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-06 (W. Va. 2000)).

No expert testimony was provided in this case, and nowhere in the record does Eichelberger attempt to establish the appropriate standard of care for the treatment of his injuries. Further, as noted in the R & R, it does not appear that Eichelberger has complied with the West Virginia notice requirements for filing an action against a health care provider. Accordingly, Eichelberger fails to state a medical negligence claim upon which relief can be granted and summary judgment is appropriate.[2] Thus, the Court **AFFIRMS** the Magistrate Judge's recommendation regarding Eichelberger's claim that FCI-Morgantown

---

[2] Eichelberger's objections also assert that his claim satisfies the objective standard for deliberate indifference, established in Farmer. The Court assumes he is referring to Farmer v. Brennan, in which the Supreme Court held, "a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. The term 'deliberate indifference' requires a showing that the official was subjectively aware of the risk." 511 U.S. 825, 828-29 (1994). Farmer establishes the standard for showing violations of inmates' Eighth Amendment rights, and has no bearing on Eichelberger's FTCA claims.

medical staff improperly treated his leg injury and **DISMISSES** that claim **WITH PREJUDICE**.

### VI. Conclusion

For the reasons above, the Court **AFFIRMS** Magistrate Judge Kaull's Report and Recommendation as to each of Eichelberger's FTCA claims. Accordingly, the Court **GRANTS** the United States' motion for summary judgment, and **DISMISSES** Eichelberger's FTCA claims **WITH PREJUDICE**.

It is so **ORDERED**.

The clerk is directed to transmit this Order to counsel of record and all appropriate agencies, and mail a copy of this order to the *pro se* plaintiff by certified mail return receipt requested.

Dated: March 3, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE